UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

```
_____
                                   )
JEANNE M. FERREIRA,                )
                                   )
        Plaintiff,                 )
                                   )
   v.                              )   C.A. No. 10-425 S
                                   )
MICHAEL J. ASTRUE, Commissioner of )
the Social Security Administration,)
                                   )
        Defendant.                 )
_____)
```

**ORDER**

WILLIAM E. SMITH, United States District Judge.

   Magistrate Judge David L. Martin issued a Report and Recommendation, dated March 27, 2012 (hereinafter, the "R&R"). In the R&R, Magistrate Judge Martin concluded that the Administrative Law Judge's ("ALJ") determination of Plaintiff's residual functional capacity ("RFC") is not supported by substantial evidence in the record, and recommended that the Court remand the matter for further evaluation of Plaintiff's RFC and credibility.  Plaintiff thereafter objected to the R&R insofar as it recommended that the case be remanded for further proceedings, and Plaintiff moved for an order remanding for the payment of benefits.  (See Pl.'s Specific Objs. to Remand the Case for Further Administrative Proceedings and Mot. to Enter an Order for Remand with Payments of Benefits Forthwith, ECF No.

24.)  Defendant Commissioner Astrue opposed Plaintiff's objection.  (See Def.'s Resp. in Opp. to Pl.'s Obj. to the R&R of the U.S. Mag. Judge, ECF No. 25.)  The Court held a hearing on the objection on May 30, 2012.

After careful review, and in light of the First Circuit's decision in Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001), the Court concludes that it would be inappropriate for the Court to award benefits to Plaintiff because the agency has the discretion to conduct further fact finding on remand, and accordingly, Plaintiff's objection must be and is denied.

The Court, however, is concerned about the protracted journey of Plaintiff's claim for benefits.  Indeed, the hearing before the ALJ was held over five years ago, in March 2007.  To avoid additional delay on remand, the Court directs the ALJ to render his decision within 90 days of this Order.  In the event a party appeals the ALJ's decision to the Appeals Council, the Appeals Council is directed to rule on that appeal within 90 days of the ALJ's decision.  See Butts v. Barnhart, 416 F.3d 101, 106 (2d Cir. 2005) (ordering that, on remand, proceedings before the ALJ be completed within 120 days, and if an appeal was taken, for the final decision of the Commissioner to be rendered within 60 days of the appeal).

Therefore, the Report and Recommendation of Magistrate Judge David Martin filed on March 27, 2012, is ADOPTED, and Plaintiff's Objection is REJECTED.

IT IS SO ORDERED.

*/s/ William E. Smith*

William E. Smith
United States District Judge
Date: June 1, 2011